UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MACY'S IP HOLDINGS, LLC,<br><br>*Plaintiff*,<br><br>v.<br><br>AROMA360, LLC,<br><br>*Defendant*. | Case No: 1:21-cv-09631-PAC<br><br>**STIPULATED PROTECTIVE ORDER** |

**IT IS HEREBY STIPULATED AND AGREED** by and among Plaintiff Macy's IP Holdings, LLC and Defendant Aroma360, LLC as follows:

**1.    PURPOSES AND LIMITATIONS**

Disclosure and discovery activity in this action are likely to involve production and disclosure of certain documents and information pertaining to the parties' financial information, competitive information, personnel information, product development, or other kinds of commercially sensitive or proprietary information, which requires special protection from public disclosure and from use for any purpose other than prosecuting or defending this litigation. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Stipulated Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled to treatment as confidential under the applicable law. The parties further acknowledge, as set forth in Section 10 below, that this Stipulated

1

Protective Order creates no entitlement to file confidential information under seal.

**2. DEFINITIONS**

2.1 Party: any party to this action.

2.2 Disclosure or Discovery Material: all items or information, regardless of medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.3 "Confidential" Information or Items: information (regardless of how generated, stored, or maintained) or tangible things that qualify for protection under standards developed under Fed. R. Civ. P. 26(c).

2.4 "Highly Confidential – Attorneys' Eyes Only" Information or Items: extremely sensitive "Confidential" Information or Items whose disclosure to another Party or non-party would create a substantial risk of serious injury that could not be avoided by less restrictive means.

2.5 Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

2.6 Producing Party: a Party or non-party that produces Disclosure or Discovery Material in this action.

2.7 Designating Party: a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential" or "Highly Confidential – Attorneys' Eyes Only."

2.8     Protected Material: any Disclosure or Discovery Material that is designated "Confidential" or "Highly Confidential – Attorneys' Eyes Only."

2.9     Outside Counsel: attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

2.10    Expert: an impartial person with specialized knowledge or experience in a matter pertinent to the litigation who has been or may be retained by a Party or its counsel to serve as an expert witness or as a consultant in this action. In the event a Party wishes to retain an Expert who is a past or a current employee of a Party or a current employee of a competitor of a Party or who, at the time of retention, is anticipated to become an employee of a Party or a competitor of a Party, the Party wishing to retain such Expert shall contact the other Party and disclose the name, present affiliation, and if applicable, future affiliation of such Party, prior to disclosing any Protected Material to such Expert. Within 10 days of such notification, the parties shall confer on the retention of such expert and if no resolution can be made as to the disclosure of Protected Material, the Party wishing to retain such expert shall not disclose any Protected Material to such expert, but may seek permission of the Court to do so in accordance with Rule #3C of the Court's Individual Practices. (A competitor of a Party is a person or entity that sells merchandise that is the same as or similar to the merchandise that the Party sells.) This definition includes a professional jury or trial consultant retained in connection with this litigation.

2.11    Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or

demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

**3.    SCOPE**

The protections conferred by this Stipulated Protective Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by Parties or counsel to or in court or in other settings that might reveal Protected Material.

**4.    DURATION**

Following the conclusion or termination of this litigation, the confidentiality obligations imposed by this Stipulated Protective Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

**5.    DESIGNATING PROTECTED MATERIAL**

5.1    <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or non-party that designates information or items for protection under this Stipulated Protective Order shall limit any such designation to specific material that qualifies under the appropriate standards. If the Designating Party concludes that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, the Designating Party must promptly notify all other Parties that it is withdrawing the incorrect designation.

5.2    <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Stipulated Protective Order, or as otherwise stipulated or ordered, material that qualifies

4

for protection under this Stipulated Protective Order must be clearly so designated at the time of production or disclosure.

Designation in conformity with this Stipulated Protective Order requires:

(a) <u>for information in documentary form</u> (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" (or similar clear language or indicia) on each page (unless impractical) that contains Protected Material, unless otherwise agreed upon by the Parties. A Party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all the material made available for inspection shall be deemed "Highly Confidential – Attorneys' Eyes Only." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents qualify for protection under this Stipulated Protective Order, then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") or similar clear language or indicia on each page that contains Protected Material.

(b) <u>for written responses to discovery requests</u>, that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" on all pages on which Confidential or Highly

5

Confidential – Attorneys' Eyes Only Information appears and/or by causing the words, "THIS RESPONSE CONTAINS INFORMATION THAT IS CONFIDENTIAL [OR HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY]" (or similar clear language or indicia) to appear at the beginning of the specific responses containing such information. A Party shall designate only those responses that contain Confidential or Highly Confidential – Attorneys' Eyes Only Information. Responses that do not contain Protected Material shall appear on pages separate from responses that do contain Protected Material.

(c) <u>for testimony given in deposition or in other pretrial or trial proceedings</u>, that the Party or non-party offering or sponsoring the testimony identify on the record, before the close of the deposition, hearing, or other proceeding, that such testimony contains "Confidential" or "Highly Confidential - Attorneys' Eyes Only." Additionally, the Party or non-party that sponsors, offers, or gives the testimony shall have up to fourteen (14) days from the date of receipt of the transcript to identify any specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted ("Confidential" or "Highly Confidential – Attorneys' Eyes Only"). During this fourteen (14) day period, all testimony shall be treated as Highly Confidential – Attorneys' Eyes Only.

(d) <u>for documents produced in native format</u>, that the Producing Party include in the file name of the document the words "CONFIDENTIAL" or

6

"HIGHLY CONFIDENTIAL – AEO" (or similar clear language or indicia) for each document containing Protected Material.

(e) <u>for information produced in some form other than documentary, and for any other tangible items,</u> that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" (or similar clear language or indicia).

5.3   Inadvertent Production or Failure to Designate.

(a) An inadvertent failure to designate qualified information or items as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" does not, standing alone, waive the Producing Party's right to secure protection under this Stipulated Protective Order for such material. In the event that any document or thing qualifying for designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" is inadvertently produced without the proper designation, the Producing Party shall identify such document or thing promptly after its inadvertent production is discovered and provide a copy of such document or thing with the proper designation to counsel for the Receiving Party, upon receipt of which the Receiving Party shall promptly return or destroy all copies of the document or thing in its previously undesignated or misdesignated form. Upon written request by the Designating Party, the Receiving Party will provide written (by letter, e-mail, or otherwise) verification of compliance with this provision.

(b)  In the event that any or document or thing containing or constituting privileged attorney-client communications or attorney work product is inadvertently produced, the Producing Party shall notify the Receiving Party promptly after it is discovered that the privileged material was inadvertently produced for inspection or provided, and upon receipt of such notification the Receiving Party shall promptly destroy any and all copies of such document or thing and thereafter refrain from any use whatsoever, in this case or otherwise, of such document or thing. The inadvertent production of any document or thing for which a claim of attorney client privilege or work-product doctrine is subsequently asserted by the Producing Party shall not constitute a subject matter waiver of a valid claim of privilege or work-product doctrine as to any other document or thing in the possession of the Producing Party, or as to any communication or information within the knowledge of the Producing Party.

(c)  In the event that a Receiving Party receives a document or thing containing privileged attorney-client communications or attorney work product that the Receiving Party believes (or reasonably should believe given the circumstances) has been inadvertently produced, the Receiving Party shall notify the Producing Party promptly after it is discovered that the privileged material may have been inadvertently produced for inspection or provided. If the Producing Party has notified the Receiving Party of inadvertent production hereunder, or has confirmed the inadvertent production called to its attention by the Receiving Party, the Receiving Party shall promptly return to counsel for the Producing Party any and

8

all copies of such document or thing and thereafter refrain from any use whatsoever, in this case or otherwise of such document or thing. The inadvertent production of any document or thing for which a claim of attorney-client privilege or work-product doctrine is subsequently asserted by the Producing Party shall not constitute a subject matter waiver of a valid claim of privilege or work-product doctrine as to any other document or thing in the possession of the Producing Party, or as to any communication or information within the knowledge of the Producing Party.

5.4     Knowing and Voluntary Disclosure of Privileged Material or Work Product. The knowing and voluntary disclosure of a document, thing, or communication, or of information that would otherwise be protected by the attorney-client privilege or the work-product doctrine, shall constitute a waiver of attorney-client privilege or work-product doctrine only as to the specific document, thing, communication, or information disclosed. In no event will the waiver described in this paragraph include: (a) any other document, thing, communication, or information communicated to or from or prepared by or on behalf of any Outside Counsel or in-house counsel (or their respective agents) representing either Party in this litigation; or (b) any other document, thing, communication, or information communicated to or from or prepared by or on behalf of any other Outside Counsel or in-house counsel of either Party for purposes of this litigation.

6.      **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1     Timing of Challenges. Any challenge to a Designating Party's confidentiality designation or the production, disclosure or waiver under Sections 5.3 and 5.4 (for this Section collectively referred to as "designation") shall be made as promptly as the

9

circumstances permit. A Party that unnecessarily delays making a challenge may be found to have waived its right to challenge a designation.

6.2    Meet and Confer. A Party wishing to challenge a Designating Party's designation shall begin the process by conferring with counsel for the Designating Party. The challenging Party must explain why it believes the designation is improper. The Designating Party shall have five (5) days in which to review the designated material and either re-designate the material or to explain the basis for the chosen designation. A challenging Party may not proceed to the next stage of the challenge process unless it has met and conferred, or attempted to meet and confer, with the Designating Party. (A meeting by video shall be considered a meeting under this paragraph.)

6.3    Judicial Intervention. If the Parties are unable to informally resolve a challenge to a particular designation, the Parties shall submit the issue for the Court's determination in accordance with Rule #3C of the Court's Individual Practices.

7.    **ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1    Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Stipulated Protective Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of Section 11 below (FINAL DISPOSITION). Protected Material must be stored and maintained by a Receiving Party at a location and in a secure

manner that ensures that access is limited to the persons authorized under this Stipulated Protective Order.

7.2     Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated CONFIDENTIAL only to:

(a)     the Receiving Party's Outside Counsel and in-house counsel in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for the prosecution or defense of this litigation;

(b)     the officers, directors, and employees of the Receiving Party (or, in the case of an individual Receiving Party, the Receiving Party itself) to whom disclosure is reasonably necessary for the prosecution or defense of this litigation and who have signed the "Acknowledgement and Agreement to Be Bound by Stipulated Protective Order" (Exhibit A);

(c)     Experts of the Receiving Party to whom disclosure is reasonably necessary for the prosecution or defense of this litigation and who have signed the "Acknowledgement and Agreement to Be Bound by Stipulated Protective Order" (Ex. A);

(d)     the Court and its personnel;

(e)     court reporters, their staffs, and Professional Vendors to whom disclosure is reasonably necessary for the prosecution or defense of this litigation;

(f)     during their depositions, witnesses in the action to whom disclosure is reasonably necessary and have been informed of the Stipulated Protective Order".

Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately marked by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(g) the author of the document or the original source of the information, and the persons who received the document in the ordinary course of business.

7.3 <u>Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a) the Receiving Party's Outside Counsel and in-house counsel in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for the prosecution or defense of this litigation, provided that said in-house counsel and employees of said in-house counsel exercise no competitive decision-making authority on behalf of the Receiving Party;

(b) Experts (1) to whom disclosure is reasonably necessary for the prosecution or defense of this litigation, and (2) who have signed the "Acknowledgement and Agreement to Be Bound by Stipulated Protective Order" (Exhibit A);

(c) the Court and its personnel;

(d) court reporters, their staffs, and Professional Vendors to whom disclosure is reasonably necessary for the prosecution or defense of this litigation; and

(e) the author of the document or the original source of the information, and the persons who received the document in the ordinary course of business, provided that an adequate record of their familiarity with the information is first made without disclosing any designated information.

## 8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Receiving Party is served by a non-party with a subpoena, document request, or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," the Receiving Party must so notify the Designating Party in writing (by email and letter) immediately and in no event more than three calendar days after determining that the material is responsive to the request. Such notification must include a copy of the subpoena, document request, or court order.

The Receiving Party also must immediately inform in writing the non-party who caused the subpoena, document request, or order to issue in the other litigation that some or all the material covered by the subpoena, document request, or order is the subject of this Stipulated Protective Order. In addition, the Receiving Party must deliver a copy of this Stipulated Protective Order promptly to the non-party in the other action that caused the subpoena, document request, or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Stipulated Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the

subpoena or order issued. The Designating Party shall bear the burden and expenses of seeking protection in that court of its confidential material, and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

### 9. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, and (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Stipulated Protective Order.

### 10. FILING PROTECTED MATERIAL

If counsel for any Party determines to file with the Court any pleadings, motions, briefs, or other papers that contain or disclose information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY", leave of Court must be obtained in accordance with Rule #7 of the Court's Individual Practices.

Nothing contained in this Stipulated Protective Order shall preclude any Party from using its own Confidential Information in any manner it sees fit, without prior consent of any other Party or the Court. Nothing herein shall operate as any admission by any of the Parties hereto that any particular materials contain or reflect trade secrets, or other confidential or proprietary information.

14

## 11. FINAL DISPOSITION

Unless otherwise ordered or agreed in writing by the Producing Party, within sixty (60) calendar days after the final termination of this action, including appeals, each Receiving Party and any Professional Vendors it used must destroy all Protected Material. As used in this section, "all Protected Material" includes all copies, abstracts, compilations, summaries, or any other form of reproducing or capturing any of the Protected Material. Upon destruction, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty (60) calendar day deadline that identifies the obligations of this section have been complied with.

Notwithstanding this provision, counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence, or attorney work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Stipulated Protective Order as set forth in Section 4 (DURATION), above.

## 12. DISCLOSURE OF PROTECTED MATERIAL BY NON-PARTIES

Non-parties who provide information in response to a subpoena or discovery request may invoke the protection of this Order by designating that information "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in accordance with this Stipulated Protective Order. Any non-party who invokes the protection of this Stipulated Protective Order shall be bound by its obligations.

13. **MISCELLANEOUS**

13.1 <u>Right to Further Relief</u>. Nothing in this Stipulated Protective Order abridges the right of any person to seek its modification by the Court in the future.

13.2 <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Stipulated Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Stipulated Protective Order.

Date: _____6/6/_____, 2022    SO ORDERED:

_____
HON. PAUL A. CROTTY
UNITED STATES DISTRICT JUDGE

Respectfully submitted,

/s/ Michael C. Christman
Michael C. Christman (admitted *pro hac vice*)
MACY'S LAW DEPARTMENT
11477 Olde Cabin Road, Suite 400
St. Louis, MO 63141
Tel: (314) 342-6334
michael.christman@macys.com

Chester Rothstein
Richard S. Mandaro
AMSTER, ROTHSTEIN & EBENSTEIN LLP
90 Park Avenue
New York, NY 10016
Tel: (212) 336-8000
crothstein@arelaw.com
rmandaro@arelaw.com
**ATTORNEYS FOR PLAINTIFF
MACY'S IP HOLDINGS, LLC**

/s/ Stephen F. Roth
Stephen F. Roth (admitted *pro hac vice*)
Orville R. Cockings
Stephen F. Roth
Jayla E. Harvey
LERNER, DAVID, LITTENBERG,
  KRUMHOLZ & MENTLIK, LLP
20 Commerce Drive
Cranford, NJ 07016
Tel: 908.654.5000
ocockings@lernerdavid.com
sroth@lernerdavid.com
jharvey@lernerdavid.com

**ATTORNEYS FOR DEFENDANT
AROMA360, LLC**

## APPENDIX 1

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MACY'S IP HOLDINGS, LLC, <br><br> *Plaintiff,* <br><br> v. <br><br> AROMA360, LLC, <br><br> *Defendant.* | Case No: 1:21-cv-09631-PAC <br><br> **ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND BY STIPULATED PROTECTIVE ORDER** |

I, _____ [print full name], of _____ [print full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Southern District of New York on _____, 2022 in the above-captioned case. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment for contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of the Order.

I further agree to submit to the jurisdiction and venue of the United States District Court for the Southern District of New York for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination

of this action, and understand the Court may impose sanctions for any violation of the Stipulated Protective Order.

Date: _____

Printed Name: _____

Signature: _____